# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| KATTIA GARN, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>SOUTH FLORIDA STADIUM LLC d/b/a HARD ROCK STADIUM; CONFEDERACION SUDAMERICA DE FUTBOL d/b/a CONMEBOL; CONFEDERATION OF NORTH, CENTRAL AMERICA AND CARIBBEAN ASSOCIATION FOOTBALL d/b/a CONCACAF,<br><br>　　　　　　Defendants. | Civil Case No. _____ |

## **DEFENDANT SOUTH FLORIDA STADIUM LLC'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453, Defendant South Florida Stadium LLC ("SFS") hereby effects the removal of a state court civil action titled *Garn v. South Florida Stadium LLC d/b/a Hard Rock Stadium, et al.*, No. 2024-013999-CA-01, from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Court Action"), to the United States District Court for the Southern District of Florida.

For the sole and limited purpose of establishing the basis of this Court's jurisdiction, SFS assumes the truth of Plaintiff's allegations, but SFS denies any liability in this case, both as to Plaintiff's individual claims and as to the claims of the members of the proposed class. In alleging

the amount in controversy and other matters in this removal pleading, SFS does not concede any liability, damages, or any other claims or defenses. SFS is only stating what the stakes of litigation could be under Plaintiff's allegations.

Removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d), because: (1) this case is a putative class action in which the proposed class exceeds 100 members; (2) at least one member of the putative class is diverse from SFS and Plaintiff is also diverse from at least one defendant; and (3) the aggregate amount in controversy exceeds $5 million. Venue is proper in this Court because it is the "district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 89(c). This Notice of Removal is timely because Defendant is filing it within thirty days of the date of service. *See* 28 U.S.C. § 1446(b).

## PLEADINGS AND PROCESS

1. On July 19, 2024, Plaintiff Kattia Garn ("Plaintiff") filed a putative class action complaint (the "Complaint") against SFS, Confederacion Sudamerica de Futbol ("CONMEBOL"), and Confederation North, Central America and Caribbean Association Football ("Concacaf," and together with SFS and CONMEBOL, "Defendants") in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. A copy of the Complaint, including exhibits attached thereto, is attached as **Exhibit A** to this Notice of Removal.

2. The Complaint alleges that the claims arise from circumstances surrounding the Copa America final held at Hard Rock Stadium on July 14, 2024 (the "Championship"). *See, e.g.*, Compl. ¶¶ 12–22. Plaintiff's allegations focus on the security and crowd control measures at the Championship. *See, e.g.*, Compl. ¶¶ 16–17, 22, 37.

3. Plaintiff seeks certification of a class consisting of "all persons who purchased valid tickets to the Championship and who attended or presented themselves at the Venue for the

Championship." Compl. ¶ 27. Plaintiff brings putative class claims against Defendants for "Violation of Florida Deceptive and Unfair Trade Practices Act," "Unjust Enrichment," "Breach of Contract," and "Negligence." Compl. at 8–11. Plaintiff seeks, among other relief, damages, "including but not limited to costs of the tickets purchased, transportation expenses, lodging expenses, and other related costs." Compl. at 9.

4. SFS was served with a copy of the Summons and Complaint on December 3, 2024.

5. SFS has not yet responded to the Complaint and no substantive matters have been addressed in the State Court Action. Pursuant to 28 U.S.C. § 1446(a), copies of all other process, pleadings, and orders that have been filed in the State Court Action are attached as **Exhibit B** to this Notice of Removal.

## REMOVAL IS PROPER UNDER CAFA, 28 U.S.C. § 1332(D)

6. CAFA provides that federal courts have original jurisdiction over putative class actions in which: (1) there are at least 100 members in the proposed class; (2) the amount in controversy exceeds $5 million, exclusive of interest and costs; and (3) any member of the putative class is diverse from any defendant. *See* 28 U.S.C. § 1332(d).

7. Pursuant to 28 U.S.C. § 1441(a), any civil action filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida that meets CAFA's jurisdictional requirements may be removed to this Court.

*8.* Under CAFA, there is no presumption against removal to federal court. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014); *see also Pinchasov v. Robinhood Fin., LLC*, 2021 WL 4991104, at *2 (S.D. Fla. Feb. 17, 2021) ("The Eleventh Circuit recognizes *Dart Cherokee Basin Operating Co.* removed 'any presumption in favor of remand in deciding CAFA jurisdictional questions.'" (citation omitted)). Instead, "[t]he party removing an action under CAFA bears the burden of establishing that CAFA's requirements have been met by a

preponderance of the evidence, meaning that the removing party must show that it is more likely than not that CAFA's requirements have been met." *Lee-Bolton v. Koppers Inc.*, 848 F. Supp. 2d 1342, 1346 (N.D. Fla. 2011) (citing *Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744, 752 (11th Cir. 2010)).

9. As set forth below, this action satisfies each of the jurisdictional requirements of § 1332(d)(2).

A. **The Putative Class Exceeds 100 Members.**

10. Removal of a putative class action requires a showing that the proposed class exceeds 100 members. *See* 28 U.S.C.A. 1332(d)(5)(B).

11. This requirement is satisfied here because "Plaintiff alleges that the proposed Class exceeds ten thousand (10,000) members." Compl. ¶ 28; *see Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010) (holding that district courts may make "reasonable deductions" and "reasonable inferences from the pleadings to determine whether it is facially apparent that a case is removable"); *Galstaldi v. Sunvest Cmtys. USA, LLC*, 256 F.R.D. 673, 675 (S.D. Fla. 2009) ("The Complaint on its face names 177 individual Plaintiffs, thereby appearing to satisfy the numerosity requirement."); *Brown v. Mortg. Elec. Registration Sys., Inc.*, 738 F.3d 926, 932 (8th Cir. 2013) (holding that CAFA numerosity requirement was established by allegations included on face of plaintiff's complaint); *Law Offices of K.C. Okoli, P.C. v. BNB Bank, N.A.*, 481 F. App'x 622, 625 (2d Cir. 2012) (same).

B. **The Amount in Controversy Exceeds $5,000,000.**

12. Although SFS denies that Plaintiff's claims have any merit, and disputes that Plaintiff and putative class members are entitled to any relief, SFS avers, only for the limited purpose of meeting CAFA's jurisdictional requirement for removal, that Plaintiff's allegations put in controversy an amount exceeding $5 million, exclusive of interest and costs. *See S. Fla.*

4

*Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (citations omitted) (explaining that the amount in controversy at the time of removal is an estimate of how much will be put at issue during the litigation).

13. Pursuant to CAFA, a class action is removable if the aggregate sum of the class claims exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C.A. § 1332(d)(2).

14. The amount in controversy for purposes of establishing CAFA jurisdiction is determined at the time of removal. *See Pretka*, 608 F.3d at 751.

15. A notice of removal must include only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co.*, 574 U.S. at 89.

16. An assessment of the amount in controversy may be based on the allegations in the complaint as well as any short, plain statements included in the notice of removal, which "need not contain evidentiary submissions." *Id.* at 84. In other words, a defendant is not required to offer evidence to substantiate the amount in controversy.

17. "When the complaint does not claim a specific amount of damages, removal from state court is [jurisdictionally] proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Pretka*, 608 F.3d at 754 (alteration in original) (citation omitted). Where "the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Id.* at 752.

18. The United States Court of Appeals for the Eleventh Circuit holds that "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Id.* at 754. Instead, in making this determination, the Eleventh Circuit

"permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe*, 613 F.3d at 1061–62 (quoting *Pretka*, 608 F.3d at 754). Additionally, the district "court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence." *S. Fla. Wellness*, 745 F.3d at 1315.

19. Plaintiff alleges that the "purchase price of the ticket was approximately one thousand five hundred dollars ($1,500.00)." Compl. ¶ 14. Plaintiff also contends "that the proposed Class exceeds ten thousand (10,000) members." Compl. ¶ 28. Accordingly, this Court may reasonably infer and extrapolate that the aggregate amount in controversy exceeds CAFA's $5,000,000 jurisdictional threshold.[1]

### C. Minimal Diversity of Citizenship Is Satisfied.

20. CAFA's minimal diversity standard is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant" or when "any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state." 28 U.S.C. § 1332(d)(2)(A), (C).

21. "To determine whether minimal diversity exists, courts consider the citizenship of all the class members (including putative), both named and unnamed." *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021) (citing 28 U.S.C. § 1332(d)(1)(D)).

---

[1] While SFS denies liability for any claims asserted against it arising from the Championship, SFS notes that another putative class action arising from the Championship was filed against Defendants in the Southern District of Florida, which complaint invokes this Court's original jurisdiction under CAFA. *See Nobel, et al. v. South Florida Stadium LLC, et al.*, No. 1:24-cv-22751, ECF 83 ¶¶ 8–9 (S.D. Fla. July 19, 2024). SFS also previously removed to the Southern District of Florida two similar state court class actions arising from the Championship. *See Manco v. South Florida Stadium LLC*, No. 1:24-cv-23195, ECF 1 (S.D. Fla. Aug. 22, 2024); *Martinez, et al. v. South Florida Stadium LLC, et al.*, No. 1:24-cv-23324, ECF 1 (S.D. Fla. Aug. 29, 2024).

22. A person is a "citizen of the state in which he is 'domiciled.'" *Id.* (citation omitted). "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom[.]'" *Id.* (alteration in original) (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)).

23. Plaintiff alleges she is "a citizen and resident of the State of Florida." Compl. ¶ 1.

24. Plaintiff's proposed putative class also includes at least some of the named plaintiffs in the separate putative class action, *Nobel, et al. v. South Florida Stadium LLC et al.*, No. 1:24-cv-22751 (S.D. Fla. July 19, 2024) ("*Nobel*"), as certain of the *Nobel* named plaintiffs allegedly "purchased valid tickets to the Championship" and "attended or presented themselves at the Venue for the Championship." *See, e.g.*, *Nobel*, ECF 83 ¶¶ 89–139. One of those named plaintiffs, Das Nobel, alleges he is a citizen of Texas. *Nobel*, ECF 83 ¶ 12.

25. For purposes of CAFA's jurisdictional and removal provisions, a limited liability company is treated as an unincorporated association, which is "deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10); *see also 15 Oz Fresh & Healthy Foods LLC v. Underwriters at Lloyd's London*, 2022 WL 6595768, at *2 (11th Cir. Oct. 11, 2022) ("CAFA controls class actions, and provides that 'an *unincorporated association* shall be deemed to be a citizen of the State where *it* has its principal place of business and the State under whose laws it is organized.'" (quoting 28 U.S.C. § 1332(d)(10)); *Alvarez v. Loancare LLC*, 2021 WL 184547, at *7 (S.D. Fla. Jan. 19, 2021) (explaining that "limited liability companies are treated as unincorporated associations for jurisdictional purposes," and that "for the *CAFA*'s jurisdictional purposes, an unincorporated association is a citizen of the state in which it is organized and the state of its principal place of business").

26. SFS is a limited liability company organized under the State of Florida, with its principal place of business in Florida. *See* **Exhibit C** (listing entity information for South Florida Stadium LLC available on the Florida Division of Corporations website). Defendant is, therefore, a citizen of Florida for purposes of determining jurisdiction under CAFA.

27. Accordingly, the minimal diversity requirement is satisfied here because at least one member of Plaintiff's proposed putative class is a citizen of Texas, whereas for purposes of CAFA jurisdiction, SFS is a citizen of Florida. *See* 28 U.S.C. § 1332(d)(2)(A) (extending CAFA jurisdiction to cases in which "any member of a class of plaintiffs is a citizen of a State different from any defendant").

28. Moreover, Defendant CONMEBOL "is a nongovernmental association of ten (10) national soccer associations from the states of Argentina, Bolivia, Brazil, Chile, Colombia, Ecuador, Paraguay, Peru, Uruguay, and Venezuela." Compl. ¶ 3. CONMEBOL is headquartered in Luque, Paraguay.

29. Accordingly, the minimal diversity requirement is satisfied because Plaintiff is a citizen of Florida, whereas Defendant CONMEBOL is a "citizen or subject of a foreign state." *See* 28 U.S.C. § 1332(d)(2)(C) (extending CAFA jurisdiction to cases in which "any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state").

## TIMELINESS OF REMOVAL

30. Under 28 U.S.C. § 1446(b), a notice of removal of a civil action must be filed within 30 days of service of the summons and complaint. SFS was served with a copy of the Summons and Complaint on December 3, 2024. *See* **Exhibit B** at 60. Because this Notice of Removal has been filed within 30 days of December 3, 2024, it is timely.

## PROCEDURAL REQUIREMENTS

31. As required under 28 U.S.C. § 1446(a), copies of all pleadings, process, and orders served on and by the removing Defendant in the State Court Action are attached as **Exhibit B** to this Notice of Removal.

32. In compliance with 28 U.S.C. § 1446(d), SFS will provide written notice of this Notice of Removal to counsel of record for Plaintiff and will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

## VENUE

33. The Circuit Court of the Eleventh Judicial Circuit is located within the Southern District of Florida, Miami Division, *see* 28 U.S.C. § 89(c), and venue for this action is proper in this Court because the Southern District of Florida, Miami Division, is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## CONCLUSION

34. By removing this action to this Court, SFS does not waive any defenses, including but not limited to venue defenses or the defense that Plaintiff has failed to state a claim upon which relief can be granted. SFS also does not waive any objections or motions available under state or federal law. For the avoidance of doubt, SFS expressly preserves its right to, and gives notice of its intention to, among other things, seek dismissal, or alternatively, stay, and to compel arbitration of Plaintiff's claims, which relief SFS intends to seek subsequent to the removal of this case.

35. SFS respectfully reserves the right to amend or supplement this Notice of Removal as may be appropriate.

**WHEREFORE**, Defendant South Florida Stadium LLC respectfully removes this action from the Circuit Court of the Eleventh Circuit in and for Miami-Dade County, Florida, to this

Court and respectfully requests that this Court: (i) consider this Notice of Removal as provided by the law governing removal of cases to this Court; (ii) make the proper orders to achieve the removal of the State Court Action to this Court; and (iii) issue such other orders as may be appropriate to effect the preparation of filing of a true record in this case of all proceedings that may have been had in the State Court Action.

Dated: December 26, 2024

Respectfully submitted,

By: */s/ Melissa C. Pallett-Vasquez*
**Melissa C. Pallett-Vasquez, Esq.**
Fla. Bar No.: 0715816
**Matthew W. Tieman, Esq.**
Florida Bar No. 1044909
**BILZIN SUMBERG BAENA PRICE
   & AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131-3456
Telephone: (305) 350-2393
Facsimile: (305) 374-7593
Email: mpallett@bilzin.com
Email: mtieman@bilzin.com
Email: eservice@bilzin.com

*Counsel for Defendant South Florida Stadium LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 26, 2024, I filed the foregoing document with the Clerk of the Court via CM/ECF, and a true and correct copy of the foregoing was provided to all counsel of record by the method indicated below.

*/s/ Melissa C. Pallett-Vasquez*
Melissa C. Pallett-Vasquez, Esq.

**NOTICE GIVEN TO PLAINTIFF'S COUNSEL VIA E-MAIL**

Jonathan Lee Borsuk
JONATHAN LEE BORSUK PC
2121 Avenue of the Stars, Eighth Floor
Los Angeles, California 90067
Telephone: (917) 362-78561
jonathan@jlborsuk.com

Allison Graber, Esquire
Florida Bar No. 1011790
Jacob S. Garn, Esquire
Florida Bar No. 111134
GARN & GRABER LLC
757 SE 17th Street, Suite 118
Fort Lauderdale, Florida 33316
Email: Allison@garnandgraber.com
Email: jacob@garnandgraber.com

*Counsel for Plaintiff*