UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| KATTIA GARN, *individually and on behalf of all others similarly situated*,<br><br>*Plaintiff*,<br><br>v.<br><br>SOUTH FLORIDA STADIUM LLC d/b/a HARD ROCK STADIUM; CONFEDERACION SUDAMERICA DE FUTBOL d/b/a CONMEBOL; CONFEDERATION OF NORTH, CENTRAL AMERICA AND CARIBBEAN ASSOCIATION FOOTBALL d/b/a CONCACAF,<br><br>*Defendants*. | Case No. 1:24-cv-25087-KMW |

### DEFENDANT CONFEDERATION OF NORTH, CENTRAL AMERICA AND CARIBBEAN ASSOCIATION FOOTBALL'S MOTION TO STAY THE TIME TO RESPOND TO THE COMPLAINT AND DISCOVERY DEADLINES

Defendant Confederation of North, Central America and Caribbean Association Football ("CONCACAF") respectfully moves for an order staying its time to respond to the Complaint and staying the discovery deadlines pending resolution of Defendant South Florida Stadium, LLC (the "Stadium")'s Motion to Compel Arbitration [ECF No. 17] and CONCACAF's Notice of Joinder and Adoption of the Stadium's Motion to Compel Arbitration ("Motion") and in support thereof further states as follows:

1. On July 19, 2024, Plaintiff Kattia Garn initiated this action, in her individual capacity and on behalf of all others similarly situated, by filing her Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. CONCACAF was purportedly served with the Summons and the Complaint on November 26, 2024.

1

2.     On December 26, 2024, Defendant South Florida Stadium, LLC (the "Stadium") removed this action to the United States District Court for the Southern District of Florida. *See generally* Docket.

3.     On December 11, 2024, counsel for the Stadium conferred with Plaintiff's counsel to request a brief extension of the post-removal deadline for both the Stadium and CONCACAF to respond to the Complaint to and through February 3, 2025, and Plaintiff's counsel confirmed that he did not oppose the extension for either the Stadium or CONCACAF. As a result, on December 27, 2024, CONCACAF moved unopposed for an extension of time. *See* Unopposed Motion for Extension of Time [ECF No. 4].

4.     The Court granted that motion on January 2, 2025, and extended CONCACAF's deadline to respond to the Complaint to February 3, 2025. *See generally* Omnibus Paperless Order [ECF No. 11].

5.     On January 28, 2025, the Stadium filed its Motion to Compel Arbitration [ECF No. 17] ("Motion to Compel"). On February 3, 2025, CONCACAF joined and adopted the Motion to Compel. *See generally* Notice of Joinder and Supplemental Memorandum of Law [ECF No. 23] (together, the "Motions to Compel").

6.     CONCACAF files the instant Motion out of an abundance of caution and respectfully requests a stay of its time to file a responsive pleading to the Complaint and for an order staying the discovery deadlines pending the Court's resolution of the Motions to Compel.

7.     That "district courts enjoy broad discretion in deciding how best to manage the cases before them," *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997), necessarily includes the "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 683 (1997).

8. Unless a stay is granted pending adjudication of the Motions to Compel, the parties will have to contend with the federal litigation deadlines, including discovery, parallel to the arbitration deadlines, including discovery. "Such double-barrelled discovery would almost inevitably frustrate one of the purposes underlying arbitration, namely, the inexpensive and expedient resolution of disputes and the easing of court congestion." *Niven v. Dean Witter Reynolds, Inc.*, No. 84-cv-1594, 1985 WL 5802, at *1 (M.D. Fla. June 27, 1985); *see also Internaves De Mexico s.a. de C.V. v. Andromeda Steamship Corp.*, 2017 WL 7794599, at *2 (S.D. Fla. Feb. 24, 2017) (Middlebrooks, J.) ("It would be a waste of time and expense to require the Parties to exchange documents and interrogatories and depose witnesses when the Court may very well determine that the contract requires an arbitrator to resolve the dispute.").

9. Plaintiff would not be prejudiced by a brief stay of the answer and discovery deadlines pending this Court's resolution of the Motions to compel arbitration.

**WHEREFORE,** CONCACAF respectfully requests that the Court stay CONCACAF's deadline to file a responsive pleading and discovery deadlines pending resolution of the Motions to Compel Arbitration.

## CERTIFICATE OF CONFERRAL

Pursuant to Southern District of Florida Local Rule 7.1(a)(2), CONCACAF's undersigned counsel hereby certify that they have made reasonable efforts to confer with Plaintiff's counsel on February 3, 2025, including emailing Plaintiff's counsel at 3:37 p.m., calling each set of Plaintiff's counsel twice (at 3:31 p.m. and 3:57 p.m.), and leaving a voicemail for Jonathan L. Borsuk, specifically at 4:10 p.m., but have been unable to contact Plaintiff's counsel.

DATED: February 3, 2025   Respectfully submitted,

By:   */s/ Lawrence D. Silverman*
Lawrence D. Silverman
Lawrence.silverman@sidley.com

>Brian M. Trujillo
>Brian.trujillo@sidley.com
>SIDLEY AUSTIN LLP
>1001 Brickell Bay Drive, Suite 900
>Miami, Florida 33131
>Telephone: (305) 391-5100
>Facsimile: (305) 391-5101
>
>John J. Kuster (*pro hac vice* forthcoming)
>jkuster@sidley.com
>Jon Muenz (*pro hac vice* forthcoming)
>jmuenz@sidley.com
>SIDLEY AUSTIN LLP
>787 Seventh Avenue
>New York, New York 10019
>Telephone: (212) 839-5300
>Facsimile: (212) 839-5599
>
>*Counsel for Defendant Confederation of North, Central America and Caribbean Association Football*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 3, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

>By:  */s/ Lawrence D. Silverman*
>     Lawrence D. Silverman

4